HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NW ADMINISTRATORS, INC.,

    Plaintiff,

    v.

D.H.D. TRUCKING LLC,

    Defendant.

CASE NO. C13-855RAJ

ORDER

This matter comes before the court on Plaintiff's motion for default judgment. Dkt. # 9. The record reflects that Defendant is in default. The court GRANTS the motion and directs the clerk to enter a default judgment as directed at the conclusion of this order.

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of

ORDER – 1

mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff administers a union trust fund. Defendant was bound by a collective bargaining agreement to make contributions to the fund based on the hours its union employees worked. Defendant agreed to pay 20% liquidated damages for any delinquent contributions, agreed to pay interest equal to the Internal Revenue Service's underpayment rate on any delinquent contributions, and agreed to pay attorney fees and costs arising from enforcement of the agreement.

Plaintiff's evidence shows that Defendant made a series of late contribution payments early this year. Plaintiff has demonstrated that it is entitled to $2,214.27 in liquidated damages as a result of those late payments, and $58.99 in interest through October 4, 2013.

In addition, Plaintiff requests attorney fees and costs. Although Plaintiff's evidence of attorney fees includes the hourly fees of non-attorneys, Plaintiff has established that its counsel does not incorporate non-attorney work into his hourly rate, and has established that counsel actually bills Plaintiff for the work of non-attorneys. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff. The court finds that Plaintiff's evidence supports an attorney fee award of $650.58 and costs of $634.50.

The clerk shall enter default judgment in accordance with this order.

DATED this 29th day of October, 2013.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2